MUFTHIHA SABARATNAM, ESQ. (State Bar No. 162982)
Law Offices of Mufthiha Sabaratnam
1300 Clay St. #600
Oakland, CA 94612
Tel:(510) 205-0986
Fax : (510)225-2417
Email: mufti@taxandbklaw.com

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| In Re:<br><br>**Marc Protenic**<br><br>**Dena Protenic**<br><br><br>Debtors. | **Case Number:** 18-41099 WJL<br><br>Chapter 11<br><br>**DEBTORS' REPLY TO CREDITOR BOSCO CREDIT, LLC, RESPONSE**<br><br>DATE: December 5, 2018<br>TIM E: 10.30 a.m.<br>CTRM: 220<br><br>1300 Clay Street<br>Oakland, CA 94612<br><br>Hon. W.J. Lafferty |

**TO: CREDITOR, BOSCO Credit, LLC, OFFICE OF THE UNITED STATES TRUSTEE AND INTERESTED PARTIES:**

Debtors, **Marc and Dena Protenic**, Debtors in this Chapter 11 filing, hereby reply ("Reply") to the Response filed by Bosco Credit to the Debtors' Objection to the Proof of Claim ( the "Claim Objection").

Bosco Credit's Response addresses the secured status as listed in the original POC and submits an Amended Claim. Bosco Credit claims the debt was listed as a secured claim in error and by

PROTENIC-REPLY TO RESPONSE BOSCO

amending the Claim to unsecured status, Debtors claim objection should be resolved.

However Debtor not only objected to the secured status of the Claim but also objected to the deficiency judgment against the Debtor[1], submitted as the entire claim, as stated on page 6 of the Claim Objection.

This section has not been addressed or referred to in the Response filed by Bosco Credit. Bosco Credits's response is set forth below:

"The Proof of Claim was filed as secured in error. Upon learning of the error, Creditor filed an Amended Proof of Claim listing the claim as unsecured at $254,142.69. Attached hereto is a true and correct copy of the Amended Proof of Claim as Exhibit "1".

**A CREDITOR IS NOT ENTITLED TO PURSUE THE PRINCIPAL OBLIGORS FOR A DEFICIENCY**

Deeds of Trust § 26—Remedies—Foreclosure—Judicial and Nonjudicial.

--Pursuant to the foreclosure and antideficiency statutes, there is only one form of action for the recovery of any debt or the enforcement of any right secured by a mortgage or deed of trust. That action is foreclosure, which may be either judicial or nonjudicial.

In a judicial foreclosure, if the property is sold for less than the amount of the outstanding indebtedness, the creditor may seek a deficiency judgment, or the difference between the amount of the indebtedness and the fair market value of the property, as determined by a court, at the time of the sale. However, the debtor has a statutory right of redemption, or an opportunity to regain ownership of the property by paying the foreclosure sale price, for a period of time after foreclosure. **In a nonjudicial foreclosure, also known as a trustee's sale**[2], the trustee exercises the power of sale given by the deed of trust.(Emphasis added).

Nonjudicial foreclosure is less expensive and more quickly concluded than judicial foreclosure, since there is no oversight by a court, neither appraisal nor judicial determination of fair value is required, and the debtor has no post sale right of redemption. ***However, the creditor may not***

---

[1] According to the papers attached appears to have been entered as a default judgment.

[2] The sale of the Debtor's home was pursuant to a trustee sale, a non-judicial foreclosure.

PROTENIC-REPLY TO RESPONSE BOSCO - 2 -

Law Offices of Mufthiha Sabaratnam
1300 Clay Street, Suite 600
Oakland, CA 94612

*seek a deficiency judgment*. **Thus, the antideficiency statutes in part serve to prevent creditors in private sales from buying in at deflated prices and realizing double recoveries by holding debtors for large deficiencies.**

In **Union Bank v. Dorn**, 254 Cal. App. 2d 157

The sole question is whether section 580d of the Code of Civil Procedure, which prohibits a deficiency judgment after foreclosure of real property under a power of sale, applies to guarantors who are also partners of the entity primarily liable for the debt. Unquestionably after the creditor has resorted to foreclosure under a power of sale in a deed of trust, it is not entitled to pursue the principal obligors for a deficiency. Assuming that guarantors, unlike principal obligors, are not protected against a suit for a deficiency which follows a nonjudicial foreclosure on a power of sale, a point not entirely free from doubt ( Stephenson v. Lawn, 155 Cal.App.2d 669, 671 [318 P.2d 132]; Riddle v. Lushing, 203 Cal.App.2d 831, 837 [21 Cal.Rptr. 902]), still in the present case it clearly appears that the supposed guarantors against whom suit has been brought are nothing more than principal obligors under another name. CA(3) (3) It is settled that liability as a guarantor adds nothing to the primary liability of a principal obligor. ( Valinda Builders, Inc. v. Bissner, 230 Cal.App.2d 106 [40 Cal.Rptr. 735].) CA(2b) (2b) In our view, respondents, **both as principal obligors and as supposed guarantors**, are entitled to the full protection of Code of Civil Procedure, section 580d, just as the guarantors in Riddle v. Lushing 203 Cal.App.2d 831, 834 [21 Cal.Rptr. 902], **were entitled as primary obligors to the full benefits and protection of section 580b, the section which prohibits deficiency judgments on purchase money mortgages. (Emphasis added).**

Bosco Credit, per the attachments to the POC filed, was the holder of the second TD. In California, a creditor's right to enforce a debt secured by a trust deed on real property is restricted by statute. The creditor must rely upon his security before enforcing the debt. (CCP §§ 580a, 725a, 726.) If the security is insufficient, his right to a judgment against the debtor for the deficiency may be limited or barred by CCP §§ 580a, 580b, 580d, or 726. **Birman v. Loeb** (Cal. App. 2d Dist. June 3, 1998), 64 Cal. App. 4th 502, 75 Cal. Rptr. 2d 294, 1998 Cal. App. LEXIS 498.

Law Offices of Mufthiha Sabaratnam
1300 Clay Street, Suite 600
Oakland, CA 94612

In California, as in most states, a creditor's right to enforce a debt secured by a mortgage or deed of trust on real property is restricted by statute. The creditor must rely on his security before enforcing the debt (CCP §§ 580a, 725a, 726). If the security is insufficient, his right to a judgment against the debtor for the deficiency may be limited or barred by CCP §§ 580a, 580b, 580d, or 726. **In re Marriage of Oropallo** (Cal. App. 2d Dist. Dec. 22, 1998), 68 Cal. App. 4th 997, 80 Cal. Rptr. 2d 669, 1998 Cal. App. LEXIS 1064.

**There are a line of cases that follow this holding.**

This section and §§ 580–580c, 726 indicate a legislative intent to limit strictly the right to recover deficiency judgments, that is, to recover on the debt more than the value of the security. **Freedland v. Greco** (Cal. Nov. 4, 1955), 45 Cal. 2d 462, 289 P.2d 463, 1955 Cal. LEXIS 336

This section and CCP § 580b have to do solely with actions for recovery of deficiency judgments on the principal obligation after sale under a trust deed, as distinguished from an indorser's obligation; *thus the only person coming within the protective provisions of these sections is the principal debtor*. **Stephenson v. Lawn** (Cal. App. 3d Dist. Dec. 2, 1957), 155 Cal. App. 2d 669, 318 P.2d 132, 1957 Cal. App. LEXIS 1340.**(Emphasis added).**

**Marc Protenic is the principal Debtor in this case.**

The provisions of this section are designed and intended to implement a statutory public policy ordained to protect debtors as a class against deficiency judgments in foreclosures. **Bank of Am. Nat. Trust & Sav. Ass'n v. United States** (S.D. Cal. June 10, 1949), 84 F. Supp. 387, 1949 U.S. Dist. LEXIS 2664.Cal Code Civ Proc § 580d.

There is a legislative intent to limit strictly the right to recover deficiency judgments, that is, to recover on the debt more than the value of the security.

**Bosco admits that there is no security by amending its POC to an unsecured claims. Bosco cannot recover on the debt more than the value of the security. This Claim is not supported by property of the estate, and the legislative intent is to limit strictly the right to recover deficiency judgements on debts more than the value of the security.**

**Marc Protenic is the principal Debtor. The amount of the deficiency judgement MUST BE ZERO.**

Law Offices of Mufthiha Sabaratnam
1300 Clay Street, Suite 600
Oakland, CA 94612

# CONCLUSION

In light of the foregoing facts, BOSCO CREDIT, LLC's Original POC and Amended Proof of Claim are contrary to the analysis above and should be denied.

    WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

1. Sustaining the Objection to Claim of BOSCO CREDIT, LLC and listing the amount owed as zero as stated above;
2. For such other and further relief as the Court may deem just and proper

DATE: November 29, 2018                    Respectfully Submitted,

                                              Law Offices of Mufthiha Sabaratnam

                                              /s/Mufthiha Sabaratnam, Esq.
                                              Counsel for Debtors

Law Offices of Mufthiha Sabaratnam
1300 Clay Street, Suite 600
Oakland, CA 94612