**MUFTHIHA SABARATNAM, ESQ.** (State Bar No. 162982)
**Law Offices of Mufthiha Sabaratnam**
1300 Clay St. #600
Oakland, CA 94612
Tel:(510) 205-0986
Fax : (510)225-2417
Email: mufti@taxandbklaw.com

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| In Re: | **Case Number:** 18-41099 WJL |
| | Chapter 11 |
| **Marc Protenic** | **DEBTORS' REPLY TO CREDITOR BOSCO CREDIT, LLC,** |
| **Dena Protenic** | **SUPPLEMENTAL RESPONSE** |
| | DATE: January 9, 2019 |
| | TIME: 10.30 a.m. |
| | CTRM: 220 |
| Debtors. | |
| | 1300 Clay Street |
| | Oakland, CA 94612 |
| | Hon. W.J. Lafferty |

**TO: CREDITOR,** BOSCO Credit, LLC, OFFICE OF THE UNITED STATES TRUSTEE AND INTERESTED PARTIES:

Debtors, **Marc and Dena Protenic**, Debtors in this Chapter 11 filing, hereby submits this reply ("Reply") to the Supplemental Response filed by Bosco Credit, LLC, Docket #46, to the Debtors' Objection to the Proof of Claim ( the "Claim Objection").

PROTENIC- REPLY TO SUPP. RESPONSE

## BOSCO CREDIT LLC, HAS MERELY CONCLUDED WITHOUT ANY SUPPORTING FACTS THAT THE ANTI-DEFICIENCY STATUTES ARE IN-APPLICABLE

Starting with the Nature and Purpose of Statute.

The provisions of this section are designed and intended to implement a statutory public policy ordained **to protect debtors as a class against deficiency judgments in foreclosures**. **Bank of Am. Nat. Trust & Sav. Ass'n v. United States** (S.D. Cal. June 10, 1949), 84 F. Supp. 387, 1949 U.S. Dist. LEXIS 2664. ( Emphasis added)

But BOSCO, CREDIT, LLC disregards this protection against deficiency judgements.

**§ 580d.** Deficiency judgment after foreclosure under power of sale

(a) Except as provided in subdivision (b), no deficiency shall be owed or collected, and no deficiency judgment shall be rendered for a deficiency on a note secured by a deed of trust or mortgage on real property or an estate for years therein executed in any case in which the real property or estate for years therein has been sold by the mortgagee or trustee under power of sale contained in the mortgage or deed of trust.

(b) The fact that no deficiency shall be owed or collected under the circumstances set forth in subdivision (a) does not affect the liability that a guarantor, pledgor, or other surety might otherwise have with respect to the deficiency, or that might otherwise be satisfied in whole or in part from other collateral pledged to secure the obligation that is the subject of the deficiency.

(c) This section does not apply to a deed of trust, mortgage, or other lien given to secure the payment of bonds or other evidences of indebtedness authorized or permitted to be issued by the Commissioner of Business Oversight or which is made by a public utility subject to the Public Utilities Act (Part 1 (commencing with Section 201) of Division 1 of the Public Utilities Code).

**Cal Code Civ Proc § 580d**

This section does not preclude creditor from foreclosing on any additional security, such as chattel mortgage, but pursuit of additional security is not a deficiency judgment, and right to exhaust such security gives no right to such judgment. **Freedland v. Greco** (Cal. Nov. 4, 1955), 45 Cal. 2d 462, 289 P.2d 463, 1955 Cal. LEXIS 336.

*BOSCO CREDIT, LLCs position is set forth in the Supplemental Response, on page 3, that this is not so, citing **Roseleaf Corp. v. Chierighino**, 59 Cal. 2d 35, 40,378 P.2d 97 (1963) and **In re Marriage of Oropallo**, 68 Cal. App. 4th 997, 1002, 80 Cal. Rptr. 2d 669 (1998) in support.. The argument offered using **Roseleaf Corp. v. Chierighino**, according the Bosco Credit LLC is : "However, it has been determined that California Code of Civil Procedure §§580a, 580b, 580d, or 726 do not apply to a sold out junior lienholder. "The purpose of the fair-value limitations in sections 580a and 726 does not extend to sold-out junior lienors." **Roseleaf Corp. v. Chierighino**, 59 Cal. 2d 35, 40,378 P.2d 97 (1963).*

But the holding in **Roseleaf Corp. v. Chierighino** was in reference to the fair value limitations in sections 580a and 726 as stated below:

"Here, the trial court considered the question of whether the creditor- bank holding both senior and junior liens on the same real property, which purchases that property at the senior lien nonjudicial foreclosure sale, must file its action to collect the obligation secured by the junior lien within three months of that sale, pursuant to section 580a. He impliedly found, in his rulings on demurrer and summary issue adjudication, that under these circumstances Bank was a **"sold-out junior lienor" ( Roseleaf Corp. v. Chierighino, supra, 59 Cal.2d at p. 39) as to which the three-month limitation period of section 580a was inapplicable**; i.e., although Bank's deficiency causes of action were filed in January 1990, more than three months after its senior lien foreclosure sale in August 1988, section 580a was no bar to those causes of action because Bank was a sold- out junior lienor to whom **section 580a and its limitation period** were inapplicable under Roseleaf. **Roseleaf held that "The purpose of the fair-value limitations in sections 580a and 726 does not extend to sold-out junior lienors**." (Id. at p. 40.) (3) Bank contends that, since it foreclosed on its first but not its second deed of trust, section 580a and the three-month limitation period it contains do not apply here because it is such a "sold-out junior lienor," although it concededly reached that status by the act of its own senior lien foreclosure."

    The second case offered in support of Bosco Credit LLCs position is **In re Marriage of Oropallo**. Set forth below are the relevant portions of the case, the Case Summary and Outcome

PROTENIC- REPLY TO SUPP. RESPONSE     - 3 -

Law Offices of Mufthiha Sabaratnam
1300 Clay Street, Suite 600
Oakland, CA 94612

which are quite contrary to Bosco Credit LLC's conclusions:

**Case Summary**

Procedural Posture

Appellant husband challenged the decision of the Superior Court of Los Angeles County (California), which permitted respondent wife to collect a deficiency judgment against appellant because a senior lienholder had foreclosed on two of six properties securing a note, even after respondent had already proceeded by way of nonjudicial trustee's sale on the four other properties securing the note.

**Overview**

After the trial court ruled in a motion for reconsideration that respondent wife was not precluded by the one action rule from pursuing an action on a note secured by second deeds of trust on several pieces of real property as part of a marital dissolution, appellant husband challenged the judgment against him. **The court reversed and held that even though respondent was a junior lienholder, and the property at issue had been foreclosed on by a senior lienholder, the antideficiency bar of Cal. Civ. Proc. Code § 580d precluded respondent from obtaining a deficiency judgment. Because respondent had already pursued non-judicial foreclosure on other properties securing the note, she had elected her remedy within the meaning of the one action rule. Therefore, she could not obtain a deficiency judgment against appellant.**

**Outcome**

The court reversed the trial court's judgment and held that because respondent wife had already pursued non-judicial foreclosure on some of the properties which secured a note given to her by appellant husband, she was barred by the one action rule from obtaining a deficiency judgment regarding the other properties.(Emphasis added).

These holdings are contrary to the assumptions and conclusions drawn by Bosco Credit LLC which are set forth below:

*"Moreover, the Court expanded this position to California Code of Civil Procedure §§580b and 580d. Id at 43. This reasoning was extended in In re Marriage of Oropallo when the Court*

PROTENIC- REPLY TO SUPP. RESPONSE - 4 -
Case: 18-41099    Doc# 48    Filed: 12/29/18    Entered: 12/29/18 09:30:28    Page 4 of 6

*referenced Rose leaf as the controlling authority **in that junior lienholders are excepted from the anti-deficiency statutes. In re Marriage of Oropallo**, 68 Cal. App. 4th 997, 1002, 80 Cal. Rptr. 2d 669 (1998)."* (Emphasis Added).

Bosco Credit, LLC, then concludes by stating, "In light of the fact that the Courts have made an exception for junior lienholders who have not foreclosed, Debtor's contentions that California Code of Civil Procedure §§580a, 580b, 580d, or 726 apply are unfounded. Thus, the Objection to Claim should be denied."

**Cal. Civ. Proc. Code** § 580d prohibits deficiency judgments on all notes secured by a deed of trust or mortgage upon real property in any case in which the real property has been sold by the mortgagee or trustee under power of sale contained in the mortgage or deed of trust. The effect of § 580d is that the beneficiary of a deed of trust executed after 1939 cannot hold the debtor for a deficiency unless he uses the remedy of judicial foreclosure.
**In re Marriage of Oropallo**, 68 Cal. App. 4th 997, 999, 80 Cal. Rptr. 2d 669, 670, 1998 Cal. App. LEXIS 1064, *1, 98 Cal. Daily Op. Service 9286, 98 Daily Journal DAR 12945

In California, a creditor's right to enforce a debt secured by a trust deed on real property is restricted by statute. The creditor must rely upon his security before enforcing the debt. (CCP §§ 580a, 725a, 726.) If the security is insufficient, his right to a judgment against the debtor for the deficiency may be limited or barred by CCP §§ 580a, 580b, 580d, or 726. **Birman v. Loeb** (Cal. App. 2d Dist. June 3, 1998), 64 Cal. App. 4th 502, 75 Cal. Rptr. 2d 294, 1998 Cal. App. LEXIS 498.

There was nothing left to secure the second trust deed holder in the present case. There was no separate security that the second trust deed holder could bring an action against the Debtor.

## CONCLUSION

BOSCO CREDIT, LLC, was not entitled to entered into a deficiency judgement, ignoring the anti- deficiency statutes. The provisions in the anti- deficiency statutes are designed and intended to implement a statutory public policy ordained **to protect debtors as a class against**

**deficiency judgments in foreclosures**.

They are not as Bosco implies, applicable only to the foreclosing lienholder.

The debtors respectfully request that court take into consideration the public policy ordained to protect the debtors as a class against deficiency judgements and rule accordingly.

In light of the foregoing facts, BOSCO CREDIT, LLC's Original POC and Amended Proof of Claim are contrary to the analysis above and should be denied.

    WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

1. Sustaining the Objection to Claim of BOSCO CREDIT, LLC and listing the amount owed as zero as stated above;

2. For such other and further relief as the Court may deem just and proper.

DATE: December 29, 2018                        Respectfully Submitted,
                                                            Law Offices of Mufthiha Sabaratnam

                                                            /s/Mufthiha Sabaratnam, Esq.
                                                            Counsel for Debtors